IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DILLON LUKE WARD,**

    **Plaintiff,**

v.                                                                                      No. 20-cv-0743 WJ/SMV

**CURRY COUNTY ADULT DETENTION CENTER,**

    **Defendant.**

### PRO SE PRISONER CASE MANAGEMENT ORDER

THIS MATTER is before the Court sua sponte. Proceeding pro se and while incarcerated, Plaintiff filed his civil-rights complaint pursuant to 42 U.S.C. § 1983 on July 23, 2020. [Doc. 1]. The Court enters this Case Management Order, which will govern this action. The parties must include the case number, **20-cv-0743 WJ/SMV**, on all papers filed in this proceeding.

Plaintiff must comply with the Federal Rules of Civil Procedure, the Local Rules of this Court, and any Order of the Court. Failure to comply with the Rules or Court Orders may result in dismissal of this case or other sanctions. Fed. R. Civ. P. 41(b); *see also Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994). Plaintiff is obligated to keep the Court advised of any changes in Plaintiff's mailing addresses. Failure to keep the Court informed of Plaintiff's correct address may also result in dismissal of the case or other sanctions. *See* D.N.M.LR-Civ. 83.6.

Because Plaintiff is a prisoner proceeding pro se, the Court is obligated to conduct a preliminary screening of the Complaint. *See* 28 U.S.C. § 1915A. Whenever a prisoner brings a civil action against government officials, the Court is obligated to screen the prisoner's complaint or petition. *Id.*

> (a) Screening—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

*Id.* The Court has a similar obligation to screen the complaint when a pro se plaintiff is proceeding without prepayment of fees and costs under 28 U.S.C. § 1915(e)(2).

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—(A) the allegation of poverty is untrue; or (B) the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

*Id.*

Any request to the Court for relief must be in the form of a motion. Fed. R. Civ. P. 7(b)(1). The filing of excessive motions may cause substantial delay in completion of the Court's preliminary screening and resolution of the case. The parties should avoid filing unnecessary motions. Requests for service of process, discovery, and submissions of proof and evidence are premature and unavailable prior to the Court's completion of its screening obligation. *See Jones v. Bock*, 549 U.S. 199, 213–14 (2007). If Plaintiff's Complaint is not dismissed on initial screening, the Court will enter further orders governing service of process, discovery, scheduling, and motion practice.

The parties should not send any letters to the Court other than transmittal letters or requests for information or copies. All mail relating to this case must be directed to the Clerk of the Court. The parties should not send any mail directly to the assigned district judge or the assigned magistrate judge. Plaintiff also should not make telephone calls to or ask to speak to the assigned

district judge, the assigned magistrate judge, or the judges' staff, nor should Plaintiff ask family members or friends to do so.

**IT IS THEREFORE ORDERED** that this Case Management Order **GOVERNS** proceedings in this case until further order of the Court.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**