# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**DILLON LUKE WARD,**

    **Plaintiff,**

v.                               No. 20-cv-0743 WJ/SMV

**CURRY COUNTY ADULT DETENTION CENTER,**
**CURRY COUNTY, CITY OF CLOVIS, and WELLPATH,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

THIS MATTER is before the Court on Plaintiff's Motion to Appoint Counsel [Doc. 14], docketed on February 10, 2021. In this 42 U.S.C. § 1983 action, Plaintiff is incarcerated, proceeding pro se, and proceeding *in forma pauperis*. [Docs. 1, 7]. In his Motion to Appoint Counsel, he reports that while he was incarcerated at the Curry County Adult Detention Center ("CCADC"), he conducted § 1983 research for this lawsuit on a research kiosk, but the next day all his research was deleted. *See* [Doc. 14] at 1. He also claims that he could no longer find any § 1983 information on the kiosk. *Id.* He therefore requests that the Court "help [him] find [an] attorney." *Id.* In the alternative, Plaintiff asks the Court to order CCADC to restore § 1983 legal research to the kiosk. For the reasons stated below, the Court will deny the Motion.

Federal courts lack the authority to appoint counsel to represent indigent prisoners in § 1983 cases, such as this one. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). Where, as here, a plaintiff has been granted leave to proceed *in forma pauperis*, the "court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).

However, there is no right to appointment of counsel in a civil case. *Beaudry v. Corrs. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003). In deciding whether to request voluntary assistance of counsel, courts should consider "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). Ultimately, the burden is on the plaintiff "to convince the court that there is sufficient merit to his claim to warrant [a request for voluntary assistance] of counsel." *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

The Court has reviewed the Complaint and subsequent filings in light of the foregoing factors. At this time, prior to the completion of the mandatory screening under 28 U.S.C. § 1915A, the Court is not convinced that there is sufficient merit or complexity in Plaintiff's claims to warrant requesting the voluntary assistance of counsel. Moreover, Plaintiff appears to understand the issues in the case and to be representing himself in an intelligent and capable manner thus far. *See Lucero v. Gunter*, 52 F.3d 874, 878 (10th Cir. 1995). Accordingly, the Court will deny the Motion to Appoint Counsel.

The Court will also deny Plaintiff's alternative request. *See* [Doc. 14] at 1. Although Plaintiff has a "fundamental constitutional right of access to the courts," *Bounds v. Smith*, 430 U.S. 817, 828 (1977), he does not have a right to a law library per se, much less the right to compel facilities to provide copies of every case that Plaintiff located when he conducted research on one particular day, *see Lewis v. Casey*, 518 U.S. 343, 351 (1996). Here, to the extent Plaintiff requests the Court order CCADC to mail him copies of his past research, the request will be denied because he has no right to such copies. Moreover, Plaintiff is no longer incarcerated at CCADC.

[Docs. 17, 19]. Thus, to the extent that Plaintiff requests the Court order CCADC to restore his previous § 1983 research specifically or otherwise alter the information available in the research kiosk, such request is moot because he is no longer incarcerated at CCADC and thus cannot access its research kiosk.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Appoint Counsel [Doc. 14] is **DENIED**.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**