## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

_____

DILLON LUKE WARD,

     Plaintiff,

v.                                                                         No. 20-cv-0743 WJ-SMV

CURRY COUNTY DETENTION CENTER, *et al*,

     Defendants.

### <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Plaintiff's amended civil rights complaint (Doc. 5, supplemented by Docs. 6, 8, 10, 11, and 13) (Amended Complaint). Plaintiff is incarcerated, *pro se,* and proceeding *in forma pauperis*. The Amended Complaint challenges his conditions of confinement at the Curry County Detention Center (CCDC) and alleges jail officials were deliberately indifferent to his medical needs. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915(e), the Court will dismiss the Amended Complaint but grant leave to amend.

### BACKGROUND

Plaintiff was detained at CCDC in 2020. He alleges the housing pods featured black mold, and the vents contained asbestos. *See* Doc. 5 at 4. He also alleges feces backs up through the drains in the kitchen and showers. *Id.; see also* Doc. 5 at 5. Plaintiff contends he was required to clean the feces and eat food from a potentially contaminated area, which caused stomach pain. *See* Doc. 8 at 2. Plaintiff contends he experienced shortness of breath, a sore throat, headaches, and blurred vision as a result of the living conditions. *Id.* at 5. He requested medical attention "outside

th[e] facility," but the response was delayed.  *See* Doc. 11 at 1.  When Plaintiff finally visited an emergency room, prison officials allegedly failed to dispense some of his medications.  *See* Doc. 13 at 1.  He also caught COVID-19 at some point during his incarceration.  *See* Doc. 6 at 1. Plaintiff filed grievances regarding his conditions of confinement, but unidentified members of the CCDC administration allegedly "targeted" him.  *See* Doc. 13 at 1.  Captain Haak further complained that his proposals were inefficient.  *See* Doc. 10 at 1.

Based on these facts, Plaintiff raises claims under 42 U.S.C. § 1983 and the Eighth Amendment.  *See* Doc. 5.  He seeks at least $100,000 in damages from four Defendants: (1) CCDC; (2) Curry County; (3) Wellpath; and (4) the City of Clovis.  Plaintiff obtained leave to proceed *in forma pauperis*, and the matter is ready for initial review.

## STANDARDS GOVERNING *SUA SPONTE* REVIEW

The Court has discretion to dismiss an *in forma pauperis* complaint *sua sponte* under § 1915(e)(2) "at any time if … the action … is frivolous or malicious; [or] fails to state a claim on which relief may be granted."  The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Threadbare recitals" of a cause of action and conclusory allegations, without more, do not suffice.  *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."  *Hall,* 935 F.2d at 1110.  If the court can "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, … confusion of various

legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.*  At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Id.*

## DISCUSSION

The crux of the Complaint is that Defendants provided unsafe conditions of confinement and were deliberately indifferent to Plaintiff's medical needs.  This matter does not survive initial review, for several reasons.  The Complaint does not set forth a short and plain statement of the grounds for relief, as required by Fed. R. Civ. P. 8(a).  Plaintiff filed an amended complaint on the official 42 U.S.C. § 1983 form and then submitted five letter-supplements that amplify his allegations.  *See* Docs. 5, 6, 8, 10, 11, and 13.  Allowing this collection of filings to survive screening would "unfairly burden defendants and [the] court" by shifting onto them "the burden of identifying plaintiff's genuine claims and determining which of those claims might have legal support." *D.J. Young Pub. Co., LLC ex rel. Young v. Unified Gov't of Wyandotte Cnty./Kansas City, Kan.,* 2012 WL 4211669, at *3 (D. Kan. Sept. 18, 2012); *see also McNamara v. Brauchler*, 570 Fed. App'x 741, 743 (10th Cir. 2014) ("It is not the role of ... the court ... to sort through … voluminous exhibits ... to construct plaintiff's causes of action.").

To the extent some claims are discernable, the Amended Complaint fails to state a claim under 42 U.S.C. § 1983.  "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000).  The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution.  *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998).  The Amended Complaint fails to name anyone who was personally involved in the alleged wrongdoing.  CCDC is the primary Defendant, but "a detention

3

facility is not a person or legally created entity capable of being sued" under § 1983.  *White v. Utah*, 5 Fed. App'x 852, 853 (10th Cir. 2001).  Curry County, Wellpath, and the City of Clovis can be sued under certain circumstances.  However, those entities cannot face § 1983 liability simply because they employ culpable jail officials.  See *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 ... (1978).  To hold an entity or municipality liable under § 1983, Plaintiff must show they enacted a policy or custom that was the moving force behind the constitutional violation. *McLain v. Sheriff of Mayes County*, 595 Fed. App'x. 748, 753-754 (10th Cir. 2014).  The Amended Complaint fails contain such an allegation and therefore fails to state a claim against any named Defendant.

Finally, notwithstanding the above defects, the Amended Complaint also fails to allege facts showing Plaintiff was subject to cruel and unusual punishment under the Eighth Amendment. To satisfy this standard as to conditions of confinement, the alleged deprivation must be objectively serious, and the prison official must "have a sufficiently culpable state of mind." *Craig v. Eberly,* 164 F.3d 490, 495 (10th Cir.1998).  Conditions are objectively serious when they threaten the inmate's safety or "lead to deprivations of essential food, medical care, … [or] sanitation." *Rhodes,* 452 U.S. at 348.  "[T]he length of exposure to the conditions is often of prime importance" in Eighth Amendment cases.  *Despain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001). "As the severity of the conditions to which an inmate is exposed increases, the length of exposure required to make out a constitutional violation decreases." *Id.*  In the context of medical indifference, the plaintiff must show: (1) substantially serious harm, such as a life "lifelong handicap, permanent loss, or considerable pain," *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001); and that (2) some defendant knew about and consciously disregarded the risk of harm by failing to take reasonable measures to abate it.  *See Martinez v. Garden,* 430 F.3d 1302, 1304 (10th

4

Cir. 2005).

As noted above, Plaintiff has not sued any person with a "sufficiently culpable state of mind." *Craig,* 164 F.3d at 495.  The facts are also too conclusory to show objective harm.  The Tenth Circuit has rejected a complaint alleging "plumbing problems," for example, because plaintiff didn't describe "the foul involved, who was involved, and when and where it took place." *Moore v. Trapp,* 1991 WL 65074, * 2 (10th Cir. 1991).  Other courts have concluded that a "bare allegation regarding [the presence of] mold … does not create a reasonable inference regarding [a] … threat to mental or physical well being." *Cox v. Grady Cty. Detention Center*, 2008 WL 1925052, at *3–4 (W.D. Okla. April 29, 2008) (citing *Dittmeyer v. Whetsel*, 91 Fed. App'x 111 (10th Cir. Feb. 11, 2004)).  The present case is similarly devoid of factual detail.  It is unclear how long Plaintiff was exposed to mold or sewage leaks; how long he waited for medical care; and what medications, if any, prison officials failed to dispense.

For all of these reasons, the Amended Complaint fails to survive initial review under Rules 8(a) and 12(b)(6).  The Court will dismiss the Amended Complaint without prejudice.  *Pro se* prisoners are ordinarily given an opportunity to "remedy defects potentially attributable to their ignorance of federal law."  *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). Accordingly, Plaintiff may file a single, amended complaint within thirty (30) days of entry of this Order.  If Plaintiff declines to timely file an amended complaint or files an amended complaint that similarly fails to state a claim, the Court may dismiss the case with prejudice.

**IT IS ORDERED** that Plaintiff's Amended Civil Rights Complaint (Doc. 5, supplemented by Docs. 6, 8, 10, 11, and 13) is **DISMISSED without prejudice** pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may granted; and Plaintiff may file an amended complaint within thirty (30) days of entry of this Order.

**SO ORDERED**.

WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE