IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DILLON LUKE WARD,

    Plaintiff,

v.                                                                                                          No. 20-cv-0743 WJ-SMV

WARDEN MARK GALLEGOS,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

    This matter is before the Court on Plaintiff's *pro se* Amended Letter-Complaint (Doc. 24) (Amended Complaint). Plaintiff is incarcerated and proceeding *in forma pauperis*. He challenges his conditions of confinement at the Curry County Detention Center (CCDC) and alleges jail officials were deliberately indifferent to his medical needs. Construing the pleadings liberally, Plaintiff alleges he was required to clean hazardous materials that may have included feces and mold. Plaintiff was allegedly required to use kitchen items such as spatulas, which were not cleaned before being used to cook. He developed a bacterial infection in his stomach and vomited daily for three weeks. Plaintiff was eventually transported to the hospital. Doctors prescribed antibiotics, narcotic pain killers, and "two other [non narcotic] med[ications]." Prison officials allegedly refused to dispense Plaintiff's medications, including the non-narcotic medications. He seeks unspecified money damages under 42 U.S.C. § 1983 and the Eighth Amendment.

    Plaintiff alleged substantially the same facts in a prior complaint. *See* Doc. 5, supplemented by Docs. 6, 8, 10, 11, and 13. However, that pleading did not name the individuals

who were personally involved in the alleged wrongdoing, nor did it show any defendant knew about and consciously disregarded the risk of harm. *See Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005). By a Memorandum Opinion and Order entered June 6, 2022, the Court directed Plaintiff to file an amended complaint curing the pleading deficiencies. *See* Doc. 23. Plaintiff timely filed the Amended Complaint. *See* Doc. 24. The body of the Amended Complaint identifies five individuals who were not named in the prior pleading: (1) Warden Mark Gallegos; (2) "the Captain;" (3) Sergeant Brownwell; (4) Sergeant Perkins; and (5) Lieutenant Stanfield. *See* Doc. 24 at 2, 5. It is not entirely clear whether Plaintiff intends to name all of those individuals as Defendants. He states "to the best of my ability the person I want to identify in this matter is the administrator of the jail, Mr. Gallegos" but includes allegations about the others. *Id.* at 3.

The Court need not clarify this point because Plaintiff's Amended Complaint only states a cognizable claim against Gallegos. Plaintiff describes the factual scenario above and states Gallegos "himself is the one who knew, avoided, punished, and even threatened me" for complaining. Doc. 24 at 2. Plaintiff further alleges directed multiple grievances about his issues to Gallegos, but Gallegos declined to intervene. The claims against Gallegos therefore survive initial review under 28 U.S.C. § 1915(e) and Fed. R. Civ. P. 12(b)(6).

As to the remaining individuals, Plaintiff alleges he informed "multiple staff members of the ongoing issues;" identifies Perkins, "the Captain," and Brownell in the following sentence; and states those individuals and Stanfield directed Plaintiff to clean. These allegations are too conclusory to show any Defendant aside from Gallegos was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and … also dr[e]w the inference." *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994). To the extent the Amended Complaint raises claims against Perkins, "the Captain," Brownell, or Stanfield, the Court will

dismiss those claims. The dismissal will be without prejudice, as this is the first pleading that mentions those Defendants, but the Court will not *sua sponte* solicit another amendment. Plaintiff must take appropriate action to obtain leave to amend, if he wishes to assert claims against additional Defendants beyond Gallegos.

The Court will order Gallegos to answer the Amended Complaint (Doc. 24) and refer this case to the assigned Magistrate Judge for a *Martinez* investigation, if appropriate. A *Martinez* report is "a court-authorized investigation and report" used in *pro se* prisoner cases to evaluate the "factual or legal bases for [the] claims." *See Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). The *Martinez* report is used in a variety of procedural situations, most commonly in deciding an accompanying motion for summary judgment. *Id.* at 1111 ("A *Martinez* report is treated like an affidavit," and plaintiff may present conflicting evidence). The Court has discretion to review the *Martinez* report and evidence before making a dispositive ruling. *Id.* Most *pro se* prisoner cases are resolved on summary judgment in that manner, rather than via a motion to dismiss under Rule 12(b)(6).

The Court ordinarily handles service for incarcerated plaintiffs, provided they obtain leave to proceed *in forma pauperis*. *See* Fed. R. Civ. P. 4(c)(3). The Amended Complaint does not include an address for Gallegos. The Court will mail Notice and Waiver of Service Forms to Gallegos at his address listed on the CCDC website. If Gallegos receives the Notice but declines to waive service, the Court may impose costs pursuant to Fed. R. Civ. P. 4(d)(2). If the CCDC website does not reflect the correct address for service on Gallegos, Plaintiff may be ordered to provide more information so that the Court can effectuate service. *See Washington v. Correia,* 546 Fed. App'x 786, 789 (10th Cir. 2013) ("[T]he onus [is] squarely on plaintiffs to track down the whereabouts of defendants to effectuate service … even when the plaintiffs are in prison.").

**IT IS ORDERED** that to the extent Plaintiff's Amended Letter Complaint (**Doc. 24**) raises claims against "the Captain," Sergeant Brownwell, Sergeant Perkins, or Lieutenant Stanfield, such claims are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that the Clerk's Office shall **ISSUE** Notice and Waiver of Service Forms, along with a copy of this Order and the Amended Complaint (**Doc. 24**) to Warden Mark Gallegos at the following address:

Warden Mark Gallegos
801 Mitchell St.
Clovis, NM 88101

**SO ORDERED**.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE