IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DILLON LUKE WARD,

    Plaintiff,

v.                                                                    No. 2:20-cv-0743 WJ/DLM

WARDEN MARK GALLEGOS,

    Defendant.

## ORDER TO SHOW CAUSE

THIS MATTER is before the Court *sua sponte* on a review of the record. On March 13, 2023, Defendant Warden Mark Gallegos (Defendant) moved to dismiss Plaintiff Dillon Luke Ward's (Plaintiff's) claims under Federal Rule of Civil Procedure 12(b)(6). (Doc. 34.) Pursuant to the Local Rules of Civil Procedure, "[a] response must be served and filed within fourteen (14) calendar days after service of the motion." D.N.M. LR-Civ. 7.4(a). Given that Defendant filed his motion to dismiss on March 13, 2023 (Doc. 34), Plaintiff had until March 31, 2023, to file a reply. *See* D.N.M. LR-Civ. 7.4(a); Fed. R. Civ. P. 6(d). Plaintiff failed to file a response or a request for extension of time to respond, and it is now three months past the prescribed time for doing so.

The Local Rules of Civil Procedure provide that "the failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M. LR-Civ. 7.1(b). Further, Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action or any claim for failure to prosecute. Fed. R. Civ. P. 41(b); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with

the rules of civil procedure or court's orders.") (citation omitted). "Employing Rule 41(b) to dismiss a case without prejudice . . . allows the plaintiff another go at [compliance]; accordingly a district court may, without abusing its discretion, enter such an order without attention to any particular procedures," such as an evaluation of the *Ehrenhaus*[1] factors. *Nasious v. Two Unknown B.I.C.E Agents, at Arapahoe Cty. Just. Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007).

The Notice of Electronic Filing for Defendant's motion to dismiss indicates that Plaintiff was served via United States Mail at Curry County Adult Detention Center (CCDC), 801 Mitchell St., Clovis, NM 88101. (NEF, Doc. 34.) Plaintiff filed a notice with the Court dated March 16, 2022, explaining that he had been "back at" CCDC for "about 2 weeks," or since early March 2022. (Doc. 35.) The return address for Plaintiff's notice was the same address at which he was served with Defendant's motion to dismiss. (*Compare* 34 at 6, *with* Doc. 35 at 2.)

Yet, Plaintiff's notice, prepared three days after Defendant filed his motion to dismiss, indicated that Plaintiff had not received a copy of the motion to dismiss, at least not by March 16, 2023. (*See* Doc. 35 at 1 ("I understand that the Defendant had 60 days from the 12th of January [sic] to answer or file motion for this case and it's now been 64 days which puts them late!"). Plaintiff's notice, coupled with his failure to respond, raises concerns over whether he received a copy of Defendant's motion to dismiss. For this reason, the Court will order the Clerk of the Court to send a copy of Defendant's motion to dismiss with this Order to Plaintiff's address of record.

---

[1] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (identifying the following five factors for district courts to consider in determining whether to issue a dismissal sanction: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.)

IT IS THEREFORE ORDERED that Plaintiff shall show cause, no later than 30 days after entry of this Order, why his failure to respond to Defendant's motion to dismiss should not be deemed consent to dismissal of this action for failure to prosecute. Should Plaintiff fail to timely show cause, the Court may immediately dismiss this action.

IT IS FURTHER ORDERED that the Clerk of the Court send a copy of Defendant's Motion to Dismiss (Doc. 34) with this Order to Plaintiff's current address of record: Curry County Adult Detention Center, 801 Mitchell St., Clovis, New Mexico 88101.

IT IS FURTHER ORDERED that in accordance with his duty under D.N.M. LR-Civ. 83.6, Plaintiff shall notify the Court of any changes to his mailing address of record.

IT IS SO ORDERED.

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE